**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 29, 2011

Lyle W. Cayce
Clerk

No. 10-51124
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VERNON LEE JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District District of Texas
USDC No. 1:10-CR-56-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Vernon Lee Johnson (Johnson) appeals from his 84-month sentence imposed following his conviction for possession with intent to distribute cocaine base. His sentence falls at the bottom of the applicable guidelines range.

We ordinarily review sentences for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence within the guidelines range is afforded a presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551,554 (5th Cir. 2006). However, because Johnson raised no objections to the guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range or his sentence in the district court, our review is for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Johnson argues that his sentence was greater than necessary and should not be presumed reasonable because the guidelines were not developed using an empirical approach, and because there is an unwarranted disparity between the Guidelines for cocaine base and powder cocaine. This court does not require "discarding the presumption for sentences based on non-empirically-grounded guidelines." *United States v. Mondragon-Santiago*, 564 F.3d 257 (2009). Johnson's arguments do not overcome the presumption; it follows that he fails to show plain error. *See Puckett*, 129 S. Ct. at 1429.

AFFIRMED.